IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DARRYL LAMAR WHITE,
    Petitioner,

vs.                                              Case No.: 1:16cv356/WTH/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 9). Petitioner responded in opposition to the motion (ECF No. 11).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that

Respondent's motion to dismiss should be granted, and this habeas action dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 9).[1] Petitioner was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2013-CF-4517, with one count of sexual battery on a person less than 12 years of age (Count I), one count of engaging in sexual activity with a child 12 years of age or older but less than 18 years of age by a person in familial or custodial authority (Count II), and one count of soliciting sexual activity with a child less than 18 years of age by a person in familial or custodial authority (Count III) (*see* ECF No. 1, Ex. A). On August 19, 2014, Petitioner entered a written plea agreement, pursuant to which he agreed to plead nolo contendere to Count II; the State agreed to dismiss Counts I and III; and Petitioner and the State agreed that Petitioner would receive a sentence of seven (7) years in prison, with 278 days of pre-sentence jail credit, followed by fifteen (15) years of sex offender probation, and Petitioner would have no contact with either of the victims (D.E. and J.Y.) (Ex. B). The trial court

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 9) unless otherwise indicated. Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 1:16cv356/WTH/EMT

accepted the plea, adjudicated Petitioner guilty, and sentenced him in accordance with the plea agreement (Exs. C, E). The judgment rendered August 25, 2014 (Ex. C). Petitioner did not directly appeal the judgment (*see* ECF No. 1 at 2).

On September 19, 2016, Petitioner filed a petition for writ of mandamus in the Florida First District Court of Appeal ("First DCA"), Case No. 1D16-4314 (Ex. F). Petitioner alleged that he filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, on August 11, 2016 (*id.*). Petitioner requested that the First DCA order the clerk of the circuit court to issue a show cause order directing the Florida Attorney General to respond to the Rule 3.850 motion (*id.*). Petitioner attached a copy of his Rule 3.850 motion bearing a stamp indicating that Petitioner provided it to a prison official for mailing to the circuit court on August 11, 2016 (*id.*). The First DCA denied the mandamus petition on the merits on November 3, 2016 (Ex. G). White v. State, 203 So. 3d 164 (Fla. 1st DCA 2016) (Table).

Petitioner filed the instant § 2254 petition on November 10, 2016 (ECF No. 1).[2]

---

[2] According to the prison "mailbox rule," a prisoner's pleading is filed when he delivers it to prison authorities for forwarding to the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Here, Petitioner's signature on his § 2254 petition was notarized on November 10, 2016, but the signed certification of placement in the prison mailing system is undated (*see* ECF No. 1). Additionally, although the envelope in which the petition was mailed indicates that it was mailed from a correctional institution, neither the petition nor the envelope indicates when it was mailed. The court gives Petitioner the benefit of the earliest possible

## II. ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent argues that the appropriate statutory trigger for the federal limitations period is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 9 at 4). Respondent asserts that because Petitioner did

---

filing date of his § 2254 petition.

not directly appeal the judgment, the federal "habeas clock" began to run on September 24, 2014, which is 30 days from the date of the judgment (*id.*).

The state court record affirms that Petitioner's conviction became final on September 24, 2014, upon expiration of the 30-day period for filing a notice of appeal of the judgment of conviction rendered August 25, 2014. *See* Fla. R. App. P. 9.140(b)(3). The federal statute of limitations thus began to run on September 25, 2014, the day after the 30-day period for Petitioner to file a direct appeal expired.[3] Petitioner had one year from that date, or until September 25, 2015, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner alleges he is entitled to equitable tolling of the limitations period, because the state circuit court impeded the filing of his Rule 3.850 motion by failing to docket it, even though Petitioner delivered it to prison authorities for mailing on August 11, 2016 (*see* ECF No. 11).

---

[3] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

"Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks and citation omitted). Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying that the exercise of a court's equity powers must be made on a case-by-case basis). A petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653; *see also* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam)

(acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts"). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted).

Here, Petitioner does not allege he was pursing his rights diligently during the federal limitations period, from September 25, 2014 to September 25, 2015. Further, the impediment of which Petitioner complains arose on August 11, 2016, more than ten months after the federal limitations period expired. No impediment to filing that occurs after the limitations period has expired can logically have any tolling effect. See Akins v. United States, 204 F.3d 1086, 1089–1090 (11th Cir. 2000) (declining to apply equitable tolling when an inmate was subjected to lock-downs in jail for several months during which he could not access the law library and prison officials misplaced his legal papers for a period of time, as he had ample time to file his motion when these impediments did not exist); see also, e.g., Bell v. Sec'y, Dept. of Corr., 248 F. App'x 101, 104–105 (11th Cir. 2007) (unpublished but recognized for persuasive authority) (prisoner did not show diligence because there was no evidence

that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired).

Petitioner's allegations fail to show that he was prevented from meeting the September 25, 2015 deadline by the state clerk of court's conduct. Therefore, Petitioner failed to show that equitable tolling is warranted in this case. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state-court application that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled).[4]

### III. CONCLUSION

Petitioner's § 2254 petition was not filed within the one-year statutory limitations period of § 2244(d)(1). Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is

---

[4] Even if the court liberally construed Petitioner's "impediment" argument as an argument that § 2244(d)(1)(B) was the appropriate statutory trigger for the federal limitations period, his argument is unavailing. Petitioner's argument is premised on an event which arose after the limitations period expired, and Petitioner has not shown that the event prevented him from filing his § 2254 petition (or, for that matter, his Rule 3.850 motion) sooner.

Case No.: 1:16cv356/WTH/EMT

issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 9) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 17th day of August 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**